UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CASE NO.:

----------------------------------------------------------------------
RAMON VAZQUEZ and NICHOLAS CAMPBELL, on behalf of themselves and all other similarly situated,

                Plaintiffs,

- against -

ARCH TELECOM, INC.

                Defendant.
----------------------------------------------------------------------

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs RAMON VAZQUEZ and NICHOLAS CAMPBELL, individually and on behalf of all others similarly situated, by their attorneys Shavitz Law Group, P.A., allege as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiffs and similarly situated individuals who have worked as Store Managers or in comparable roles with different titles ("SMs") for Defendant ARCH TELECOM, INC. ("Defendant") anywhere in the United States on or after October 11, 2014 ("the Relevant Period").

2. ARCH TELECOM operates Sprint branded wireless retail stores across the United States, including in Washington, California, Florida, New York, New Jersey and Pennsylvania. From these store locations, Defendant sells Sprint wireless phones, other mobile devices, wireless and data plans, and accessories.

3. ARCH TELECOM staffs its stores leanly, and strictly manages hours worked by non-exempt workers to avoid paying them overtime. To compensate for this deliberate understaffing, ARCH TELECOM relies heavily on its salaried SMs to perform the duties of non-exempt employees when there are not enough hourly employees to do so. Because of ARCH

TELECOM's retail hours and lean staffing model, SMs regularly work in excess of forty (40) hours per workweek and frequently work ten or more hours a day.

4. Although they are labeled "managers," SMs are not responsible for true management functions. To the contrary, SMs spend the vast majority of their time performing the same duties as non-exempt employees. SMs' primary duties, which occupy the majority of their time, are: customer service, making sales to customers, activating accounts and receiving and applying payments.

5. The primary duties of SMs do not fall within any of the exemptions under federal or state overtime laws.

6. The primary duties of the SM position do not vary among ARCH TELECOM's stores.

7. Throughout the relevant period, ARCH TELECOM's policy across its stores has been to uniformly classify SMs as exempt from federal and state overtime provisions and not pay SMs any overtime wages.

8. ARCH TELECOM also requires SMs to undergo a training period of approximately 4 weeks. During this training period, ARCH TELECOM classifies SMs-in-training as exempt and does not pay them any overtime for hours worked over 40 in a work week, although their duties during training did not fall within any of the exemptions under federal or state overtime laws.

9. ARCH TELECOM regularly requires SMs to work in excess of 40 hours per workweek.

10. By failing to pay SMs, including Plaintiffs, the overtime wages they have earned and to which they are entitled by law, Defendant has violated the Fair Labor Standards Act, 29

U.S.C. §§ 201 *et seq.*, ("FLSA").

11. Plaintiffs bring the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendant as SMs at any ARCH TELECOM location in the United States during the Relevant Period who elect to opt-in to this action (the "FLSA Collective").

12. Plaintiffs also bring the Second Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for ARCH TELECOM during the Relevant Period (the "FLSA Training Collective").

## THE PARTIES

### *Plaintiff Ramon Vazquez*

13. Plaintiff RAMON VAZQUEZ ("VAZQUEZ") is an adult individual who is a resident of Elizabeth, New Jersey.

14. VAZQUEZ was employed by Defendant as a SM from approximately December 2014 to May 2016, at an ARCH TELECOM locations in Wayne, New Jersey and Newark, New Jersey.

15. Defendant paid VAZQUEZ an annual salary of approximately $32,000.00.

16. Pursuant to Defendant's policy, pattern, and/or practice, VAZQUEZ regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked. VAZQUEZ typically worked between 45 and 55 hours per week. VAZQUEZ was not paid overtime wages for the hours he worked as a SM in excess of 40 each week.

17. At all times relevant hereto, VAZQUEZ was a covered employee within the meaning of the FLSA.

18. A written consent form for VAZQUEZ is attached hereto as Exhibit A.

### *Plaintiff Nicholas Campbell*

19. Plaintiff NICHOLAS CAMPBELL ("CAMPBELL") is an adult individual who is a resident of Antioch, California.

20. CAMPBELL was employed by Defendant as a SM from approximately October 2014 to May 2015 at an ARCH TELECOM location in Livermore, California.

21. Defendant paid CAMPBELL an annual salary of approximately $37,000.00.

22. Pursuant to Defendant's policy, pattern, and/or practice, CAMPBELL regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

23. CAMPBELL typically worked between 45 and 55 hours per week. CAMPBELL was not paid overtime wages for the hours he worked as a SM in excess of 40 each week.

24. At all times relevant hereto, CAMPBELL was a covered employee within the meaning of the FLSA.

25. A written consent form for CAMPBELL is attached hereto as Exhibit B.

### *Defendant*

26. ARCH TELECOM is a California corporation with a principal place of business in Anaheim, California.

27. At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA.

28. Throughout the relevant period, Defendant employed Plaintiffs and other SMs within the meaning of the FLSA. Defendant has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

29. At all times relevant, Defendant maintained control, oversight and direction over Plaintiffs and other SMs, including timekeeping, payroll and other employment practices that

applied to them.

30. Defendant applies the same employment policies, practices, and procedures to all SMs.

31. At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

32. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

33. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

34. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(3) because Defendant does business in this district, and employed VAZQUEZ here.

## FACTUAL ALLEGATIONS

35. All of the work that Plaintiffs and the members of the FLSA Collective and the FLSA Training Collective have performed has been assigned by ARCH TELECOM, and/or ARCH TELECOM has been aware of all of the work that Plaintiffs, and the members of the FLSA Collective and the FLSA Training Collective have performed.

36. As part of its regular business practice, during the Relevant Period ARCH TELECOM intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs, and the members of the FLSA Collective and the FLSA Training Collective. This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiffs and the members of the FLSA Collective and FLSA Training Collective overtime wages for hours that they worked in excess of 40 hours per workweek, including during their training weeks;

    b. willfully misclassifying Plaintiffs and the members of the FLSA Collective and the FLSA Training Collective as exempt from the protections of the FLSA, including during their training weeks; and

   c. willfully failing to record all of the time that its employees, including Plaintiffs and the members of the FLSA Collective and FLSA Training Collective, have worked for the benefit of ARCH TELECOM, including during their training weeks.

  37. ARCH TELECOM is aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective and FLSA Training Collective, an overtime premium for hours worked in excess of 40 per workweek.

  38. Plaintiffs and the members of the FLSA Collective and FLSA Training Collective all perform or performed the same primary duties.

  39. Throughout their employment with ARCH TELECOM, Plaintiffs and the members of the FLSA Collective and FLSA Training Collective consistently worked more than 40 hours per week.

  40. ARCH TELECOM was aware that Plaintiffs and the members of the FLSA Collective and FLSA Training Collective worked more than 40 hours per workweek, yet ARCH TELECOM failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek

  41. ARCH TELECOM did not keep accurate records of hours worked by Plaintiffs or the members of the FLSA Collective and FLSA Training Collective.  That is, their hours were not accurately recorded on pay stubs.

  42. The primary duties of Plaintiffs and the members of the FLSA Collective and FLSA Training Collective was not management.

  43. The primary duties of Plaintiffs and the members of the FLSA Collective and FLSA Training Collective were non-exempt duties, including customer service, making sales to customers, activating accounts and receiving and applying payments.  Plaintiffs and the members

of the FLSA Collective and FLSA Training Collective spent the vast majority of their time performing these non-exempt duties.

44.     During the Relevant Period, Plaintiffs and the members of the FLSA Collective and FLSA Training Collective were paid on a salary basis, with no additional compensation for overtime hours worked.

45.     Plaintiffs and the members of the FLSA Collective and FLSA Training Collective were closely supervised by their District Managers.  District Managers were responsible for the overall performance of ARCH TELECOM's stores.

46.     Plaintiffs and the members of the FLSA Collective and FLSA Training Collective did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by ARCH TELECOM.  Plaintiffs and the members of the FLSA Collective and FLSA Training Collective did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

47.     Plaintiffs and the members of the FLSA Collective and FLSA Training Collective did not have authority (a) to create or implement management policies, practices, and procedures for ARCH TELECOM; (b) to commit ARCH TELECOM in matters having significant financial impact; (c) to set employees' wages; (d) to determine how many labor hours could be allocated to their team; or (e) to hire, fire, or promote employees.

48.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

49. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

50. ARCH TELECOM engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

51. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

52. At all relevant times, Plaintiffs and other similarly situated current and former SMs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to ARCH TELECOM.

54. ARCH TELECOM is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

55. At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

56. ARCH TELECOM failed to pay Plaintiffs and other similarly situated members of the FLSA Collective the overtime wages to which they were entitled under the FLSA.

57. ARCH TELECOM's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. ARCH TELECOM failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated members of the FLSA Collective during the Relevant Period.

58. Because ARCH TELECOM's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

59. As a result of ARCH TELECOM's willful violations of the FLSA, Plaintiffs and all other similarly situated members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

60. As a result of the unlawful acts of ARCH TELECOM, Plaintiffs and other similarly situated members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the FLSA Training Collective)**

61. Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

62. Defendant has engaged in a widespread pattern and practice of violating the FLSA during the SMs' training period, as described in this Collective Action Complaint.

63. During the training period, Defendant failed to pay Plaintiffs and other similarly situated members of the FLSA Training Collective the overtime wages to which they were entitled under the FLSA.

64. Defendant's violations of the FLSA during the SMs' training period, as described in this Collective Action Complaint have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated members of the FLSA Training Collective during their training period.

65. Because Defendant's violations of the FLSA with respect to FLSA Training Collective have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

66. As a result of Defendant's willful violations of the FLSA, Plaintiffs and all other similarly situated members of the FLSA Training Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

67. As a result of the unlawful acts of Defendant, Plaintiffs and other similarly situated current and former members of the FLSA Training Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs individually and on behalf of all other similarly situated persons, seeks the following relief:

A. That at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective and the FLSA Training Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

    E.    Attorneys' fees and costs of the action;

    F.    Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: New York, New York  
         October 11, 2017

Respectfully submitted,

*/s/ Michael Palitz*

Michael J. Palitz  
SHAVITZ LAW GROUP, P.A.  
830 3rd Avenue, 5th Floor  
New York, New York 10022  
Tel:   (800) 616-4000  
Fax:  (561) 447-8831

Gregg I. Shavitz (to be admitted *pro hac vice*)  
Camar R. Jones (to be admitted *pro hac vice*)  
SHAVITZ LAW GROUP, P.A.  
1515 South Federal Highway, Suite 404  
Boca Raton, Florida 33432  
Tel:   (561) 447-8888  
Fax:  (561) 447-8831

*Attorneys for Plaintiffs and the Putative Classes and Collective*

# Exhibit A

**CONSENT TO JOIN FORM**

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Arch Telecom, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*Ramon Vazquez*
(DocuSigned by: 9498BBFEEA37425...)

Ramon Vazquez

Print Name

# Exhibit B

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Arch Telecom, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:
*Nicholas Campbell*
52BC8F1B65BB4FD...

Nicholas Campbell
Print Name